UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK D.,

           Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

**DECISION AND ORDER**

6:20-CV-06392 EAW

# **INTRODUCTION**

Represented by counsel, Plaintiff Mark D. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 10; Dkt. 11), and Plaintiff's reply (Dkt. 12). For the reasons discussed below, Defendant's motion (Dkt. 11) is denied and Plaintiff's motion (Dkt. 10) is granted in part. The matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his application for DIB on June 28, 2016. (Dkt. 7 at 39, 202-05).[1] In his application, Plaintiff alleged disability beginning January 18, 2014, due to right shoulder injury, torn right rotator cuff, torn right bicep muscle, and torn right labrum. (*Id.* at 39, 239). Plaintiff's application was initially denied on September 9, 2016. (*Id.* at 39, 120-25). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Michael W. Devlin in Rochester, New York, on December 6, 2018. (*Id.* at 39, 91-109). On February 6, 2019, the ALJ issued an unfavorable decision. (*Id.* at 39-51). Plaintiff requested Appeals Council review; his request was denied on April 9, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-11). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I.   **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2022. (Dkt. 7 at 41). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 18, 2014, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of status-post right rotator cuff injury; status-post right biceps injury; status-post right shoulder arthroscopy, subacromial decompression, rotator cuff repair, distal clavicle excision and biceps tenodesis; and left knee internal derangement. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of low back pain, hiatal hernia, gastroesophageal reflux disease, and obesity were non-severe. (*Id.* at 42).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 44). The ALJ particularly considered the criteria of Listing 1.02 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

> [he] can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk about six hours in an eight hour day; sit about six hours in an eight hour day; occasionally push and/or pull 20 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, scaffolds; and occasionally reach, handle, and finger with the dominant right upper extremity.

(*Id.* at 44). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 49). At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of counter clerk and alarm investigator. (*Id.* at 50). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of the ALJ's decision. (*Id.* at 51).

## II.     Remand of this Matter for Further Proceedings Is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the Appeals Council improperly rejected new and material evidence; (2) the RFC established by the ALJ is not supported by substantial evidence; and (3) the consistency finding is not supported by substantial evidence. (Dkt. 10-1 at 1, 15-30). For the reasons set forth below, the Court finds that the Appeals Council improperly assessed new and material evidence. This error necessitates remand for further administrative proceedings.

### A.     Appeals Council Assessment of Additional Evidence

Plaintiff submitted additional evidence to the Appeals Council, including: (1) an opinion letter from David C. Siracuse, D.C., of World Chiropractic dated April 4, 2019 (2 pages); (2) treatment notes from Christina M. Smith, Attending Therapist, dated August 23, 2017 through November 2, 2017 (2 pages); and (3) treatment records from Rochester Regional Health dated from December 18, 2018 through January 30, 2019 (32 pages).

(Dkt. 7 at 6).  In denying Plaintiff's request for review, the Appeals Council found that there was not a "reasonable probability that [this evidence] would change the outcome of the decision," and did not exhibit the evidence.  (*Id.*).  In addition, Plaintiff submitted records from Rochester Regional Health Records dated February 18, 2019 through March 29, 2019 (20 pages) and as to those records, the Appeals Council determined that the records did not relate to the time period at issue.  (*Id.*).

"[T]he Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence."  *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (citing 20 C.F.R. § 416.1470); *see also Graham v. Berryhill*, 397 F. Supp. 3d 541, 557 n.10 (S.D.N.Y. 2019) (when faced with an argument that the Appeals Council failed to appropriately consider the new evidence submitted to it, "the court is expected to determine if the new evidence results in the ALJ's decision not being supported by substantial evidence or otherwise runs afoul of [42 U.S.C.] section 405(g)").

Here, the Court agrees with Plaintiff that the additional records submitted to the Appeals Council render the ALJ's decision unsupported by substantial evidence.  In particular, the records relate to Plaintiff's complaints of back pain, an impairment the ALJ concluded was non-severe.  The ALJ's conclusion that Plaintiff's low back pain was non-severe was grounded upon his conclusions that there was an absence in the record of "evidence of associated complications, periods of exacerbation, or treatments that

- 7 -

exceeded conservative measures." (Dkt. 7 at 42). He noted that Plaintiff's back pain was controlled with medications. (*Id.*).

Initially, in Dr. Siracuse's April 4, 2019 letter, Dr. Siracuse notes that Plaintiff was treated for low back pain from October 2, 2017 through November 1, 2017, for a total of eleven visits that were intended to increase range of motion and decrease muscle spasm and inflammation. (Dkt. 7 at 14, 15). Dr. Siracuse noted that Plaintiff's prognosis was "fair to poor," as he has "had chronic low back pain since 1997." (*Id.* at 15). Finally, Dr. Siracuse concluded that Plaintiff "is disabled and his acts of daily living are reduced." (*Id.*). As noted, the Appeals Council did not exhibit this evidence on grounds that it did not show a reasonable probability that it would change the outcome of the ALJ's decision, but did not otherwise explain its assessment of the opinion.

While it "is not clear that the Appeals Council must in all cases provide 'good reasons' for failing to credit newly submitted material evidence," *Coulter v. Berryhill*, No. 15-CV-849A, 2017 WL 4570390, at *9 (W.D.N.Y. Sept. 5, 2017), *report and recommendation adopted*, No. 1:15-CV-00849 (MAT), 2017 WL 4541010 (W.D.N.Y. Oct. 11, 2017), courts in this district have held that "when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, the treating physician rule applies, and the Appeals Council must give reasons for the weight accorded to that opinion." *Lalonde v. Comm'r of Soc. Sec.*, No. 6:19-CV-06411 EAW, 2020 WL 5651611 at *3 (W.D.N.Y. Sep. 23, 2020) (quotation omitted); *Stephanie T. o/b/o M.A.T. v. Comm'r of Soc. Sec.*, No. 19-CV-06229, 2021 WL 3077893 (W.D.N.Y. July 21, 2021) ("This District has repeatedly found the

treating physician rule applies both to the ALJ and the Appeals Council. Consequently, like the ALJ, the Appeals Council must provide an 'explicit analysis' of the treating physician's opinion and cannot reject it with boilerplate language.") (citations omitted). While Dr. Siracuse is a chiropractor whose opinion is not entitled to the same weight as a treating physician, *Brush v. Berryhill*, 294 F. Supp. 3d 241, 259 (S.D.N.Y. 2018) ("As the ALJ noted . . . Dr. DeSantis is a chiropractor, and because a chiropractor is not an 'acceptable medical source,' an ALJ is not required to give a chiropractor's opinions controlling weight under the Commissioner's regulations for treating sources.") (citing *Diaz v. Shalala*, 59 F.3d 307, 313-14 (2d Cir. 1995)), an Appeals Council's failure to provide any analysis of a chiropractor's opinion can result in a circumstance where the court is unable to conclude that the ALJ's decision is supported by substantial evidence. *Coulter*, 2017 WL 4570390, at *9 (remanding in part due to Appeal Council's failure to properly assess chiropractor's opinion).

Here, the Appeals Council failed to provide any assessment of Dr. Siracuse's opinion. Dr. Siracuse opined that Plaintiff's prognosis was fair to poor and had chronic low pain since 1997, which contradicted the ALJ's non-severity finding for low back pain. In addition, Dr. Siracuse opined that Plaintiff was disabled and his acts of daily living are reduced, challenging the ALJ's conclusion that Plaintiff's back pain was controlled by medication. The lack of an assessment from the Appeals Council to explain the weight given to the opinion or allow the court to follow its reasoning alone could support remand.

But in addition to Dr. Siracuse's opinion, the other newly submitted records also reflect Plaintiff's diagnosis of degeneration of intervertebral disc of lumbar region and note

that Plaintiff's back pain is a "recurrent problem," (Dkt. 7 at 61), which seemingly contradicts the ALJ's non-severity conclusion. For example, an October 3, 2017 record from therapist Christina Smith documents Plaintiff's "daily pain in the lumbar spine." (*Id*. at 88). At a December 18, 2018 visit, Plaintiff's assessment plan included a prescription for meloxicam for anti-inflammatory and analgesic properties, as well as spine-focused physical therapy "to improve spine biomechanics and reduce strain on the spine during recreational and ADL activities." (*Id*. at 60). Plaintiff was directed to undergo lumbrosacral film x-rays to evaluate intervertebral disc height, spinal alignment, and assess for instability. (*Id.*). If pain persisted, Plaintiff was directed to undergo an MRI examination to assess the right L45 and L5S1 facet joints via medial branch blockade and if positive, a neurotomy. (*Id.*). The February and March 2019 records, deemed by the Appeals Council not to relate to the period at issue, reflect an MRI report which revealed a posterior annular tear at L4-5, mild to moderate L3-4 center canal stenosis, and moderate bilateral L3-4 and L5-S1 facet joint arthrosis. (*Id.* at 20). Plaintiff underwent a right L3, L4, L5 medial branch blockade on March 18, 2019 and March 29, 2019 due to right L4-5 and L5-S1 facet joint arthrosis with chronic low back pain. (*Id.* at 28, 30). These findings also arguably conflict with the ALJ's determination that Plaintiff's back pain was not severe due to an alleged absence of evidence of associated complications, periods of exacerbation, or treatments that exceed conservative measures.

Moreover, as to the February and March 2019 records, "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." *Carrera v. Colvin*, No. 1:13-cv-1414 (GLS/ESH), 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015)

(quoting *Newbury v. Astrue*, 321 Fed. App'x 16, 18 n.2 (2d Cir. 2009)). Specifically, "[e]xaminations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses." *Id.* (citation omitted). Here, although these records post-date the ALJ's decision by approximately one month, they arguably reflect the cause of Plaintiff's symptoms existing during the period of disability relating to his back pain and corroborate his allegations of chronic back pain. Moreover, the newly submitted records are not cumulative of other treatment records already before the ALJ. The evidence is material because the ALJ found that Plaintiff's back pain was non-severe and controlled by medication which is potentially at odds with the new evidence. In other words, because these records document the history of Plaintiff's back pain and potentially explain the etiology for his symptoms, they may undermine the ALJ's reasoning for finding that his back pain was non-severe and controlled. This new evidence offered by Plaintiff documents the chronic nature of the condition and establishes treatment measures beyond medication, which contradicts the ALJ's decision in this respect and warrants consideration in the development of Plaintiff's RFC. *See Lesterhuis v. Colvin*, 805 F.3d 83, 88 (2d Cir. 2015) ("We agree that, on the facts of this case, the ALJ's decision was not supported by substantial evidence because the new evidence contradicted the ALJ's conclusion in important respects."); *see also Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the plaintiff's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding David's condition. It strongly

suggests that, during the relevant time period, David's condition was far more serious than previously thought and that additional impairments existed when David was younger."); *Bluman v. Colvin*, No. 15-CV-627-FPG, 2016 WL 5871346, at *3-4 (W.D.N.Y. Oct. 7, 2016) (remanding for consideration of new treatment notes documenting that plaintiff had a surgical procedure which revealed that he had lung cancer, and plaintiff argued that the new evidence related to the relevant period because his lung cancer was directly related to his chronic and recurring respiratory papillomatosis and demonstrated the seriousness and severity of his condition). The new records also may bolster the opinions of Plaintiff's treating physicians and alter the weight given by the ALJ to those opinions.[2]

The Commissioner argues that the evidence before the Appeals Council does not deem the ALJ's decision contrary to the weight of the evidence and notes examination findings demonstrating normal gait, full strength in his extremities, intact sensation, and that Plaintiff was neurologically intact. (Dkt. 11-1 at 19). But the relevance of the new evidence is not that it establishes Plaintiff's disability, but that it supports the severity of Plaintiff's back pain and potentially contradicts portions of the ALJ's reasoning. The ALJ did not have the benefit of this evidence and the Commissioner should have the opportunity

---

[2] For example, the ALJ ascribed limited weight to Plaintiff's treating physician David Hope, D.O., who indicated that Plaintiff had among other things, low back pain since 1997, in part because the ALJ concluded that Dr. Hope's opinions were not supported by the record. (Dkt. 7 at 47).

to address it in considering whether it supports Plaintiff's complaints and in rendering a decision on his disability application.

In sum, the new evidence presented by Plaintiff at the very least "suggests that, during the relevant time period, his condition was more serious than previously thought." *Carrera*, 2015 WL 1126014, at *10. The explanation given by the Appeals Council—which consisted of a cursory statement that the evidence does not show a reasonable probability that it would change the outcome of the decision and/or was outside the period of disability—does not address this issue. Given the information contained in the new records, whether limitations caused by Plaintiff's back pain prevented him from engaging in competitive employment prior to the date last insured is a question to be addressed by the Commissioner. *See Webster v. Colvin*, 215 F. Supp. 3d 237, 243 (W.D.N.Y. 2016) (explaining that "[a] reviewing court cannot assess whether the new evidence relates to the period on or before the ALJ's decision," and remanding case to the Commissioner for reconsideration in light of the new evidence); *see also Poler v. Comm'r of Soc. Sec.*, No. 18-CV-1298, 2020 WL 1861920, at *6 (W.D.N.Y. Apr. 14, 2020) (explaining that while new medical records may be irrelevant to the period of disability, "[i]t is equally possible . . . that the new evidence clarifies a pre-hearing disability and suggests that [Plaintiff's] condition was more serious than previously thought during the relevant time period"). Accordingly, the case is remanded for further administrative proceedings.

**B.     Plaintiff's Remaining Arguments**

To the extent Plaintiff identifies other reasons why he contends the ALJ's decision should be vacated, the Court need not reach those arguments because the Court has already

determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 10) is granted to the extent that the matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 7, 2021
       Rochester, New York